VASUDHA TALLA (SBN 316219)
SEAN RIORDAN (SBN 255752)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
OF NORTHERN CALIFORNIA, INC.

    39 Drumm Street
    San Francisco, CA 94111
    Telephone: (415) 621-2493 ext. 308
    FAC: (415) 255-8437

Attorneys for Plaintiff ACLU of Northern California

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
KIMBERLY A. ROBINSON (DCBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7298
    FAX: (415) 436-6748
    Kimberly.robinson3@usdoj.gov

Attorneys for Defendant United States Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Defendant. | CASE NO.  3:18-cv-03050-JCS<br><br>**STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

Plaintiff American Civil Liberties Union of Northern California ("plaintiff") and defendant United States Immigration and Customs Enforcement ("defendant") hereby enter into this Stipulation and [Proposed] Order Re Settlement and Dismissal With Prejudice ("Stipulation"), as follows:

STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE
CASE No: 3:18-cv-03050-JCS      1

1. WHEREAS, on May 23, 2018, plaintiff filed its Complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended;

WHEREAS, plaintiff and defendant wish to avoid any further litigation and controversy and compromise fully any and all claims and issues that have been raised, or could have been raised in this action;

NOW, THEREFORE, in consideration of the mutual promises contained in this Stipulation, and other good and valuable consideration, receipt of which is hereby anticipated, the parties agree as follows:

1. Defendant shall pay to plaintiff the amount of eight thousand five hundred and ninety-seven dollars and sixty-eight cents ($8,597.68) in full and complete satisfaction of plaintiff's claims for attorney's fees, costs, and litigation expenses under the FOIA in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer, and plaintiff's counsel will provide the necessary information to defendant's counsel to effectuate the transfer. Defendant will make all reasonable efforts to make payment within sixty (60) days of the date that plaintiff's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time frame.

2. Upon the execution of this Stipulation, plaintiff hereby releases and forever discharges defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that plaintiff asserts or could have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request on which this action is based or any other matter alleged in the Complaint, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect

to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning any liability under FOIA or liability for attorneys' fees, costs, or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, the Stipulation shall be and remain effective notwithstanding such material difference.

4. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of defendant, the United States, its agents, servants, components, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the defendant regarding plaintiff's eligibility for or entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.  This Stipulation is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving defendant.

7. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

8. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

9. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

10. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

11. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

12. The Stipulation may be executed in counterparts and is effective on the date by which both parties have executed the Stipulation.

SO STIPULATED AND AGREED.

DATED: February 22, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 /s/ Kimberly A. Robinson
KIMBERLY A. ROBINSON*
Assistant United States Attorney
Attorneys for Defendant U.S. Immigration and Customs Enforcement

DATED: February 22, 2019

 /s/ *Vasudha Talla*
VASUDHA TALLA
Attorney for Plaintiff ACLU of Northern California

* In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: February 26, 2019

The Honorable Joseph C. Spero
United States Magistrate Judge

STIPULATION AND [PROPOSED] ORDER RE: SETTLEMENT AND DISMISSAL WITH PREJUDICE
CASE No: 3:18-cv-03050-JCS                 4